UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DOUGLAS A. WILLIAMS, )<br>)<br>Defendant. ) | No.:  3:00-CR-3<br>(VARLAN/SHIRLEY) |

## MEMORANDUM AND ORDER

This criminal case is before the court on two *pro se* motions filed by the defendant. For the following reasons, the motions are **DENIED**.

The defendant was convicted of vehicle theft and reckless endangerment and sentenced to concurrent terms of imprisonment of 30 months, followed by supervised release for a term of three years. After his release from prison and during his supervised release, the defendant was arrested by the State of Tennessee on a charge of aggravated assault; the defendant is presently in state custody at the Whiteville Correctional Facility. As a result of the defendant's arrest on a state charge, the U.S. Probation Office filed a petition to revoke supervised release and an arrest warrant issued for the defendant. The defendant has now filed a motion for speedy trial pursuant to the Sixth Amendment of the U.S. Constitution.

The defendant is not being held pursuant to an indictment or information, and therefore the Sixth Amendment right to a speedy trial does not apply in this case. *See Barker*

*v. Wingo*, 407 U.S. 514, 519-20 (1972). Accordingly, the motion for speedy trial [Doc. 32] is **DENIED**.

The defendant has also filed a motion for the court to allow him to have a typewriter in his cell. Apparently, the defendant is being held in punitive segregation as a result of a disciplinary infraction and inmates in punitive segregation are not allowed typewriters. That is a decision of the state prison administrators, to whom this court will defer. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators should be accorded wide-ranging deference in the adoption and execution of policy and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). The defendant's motion for a typewriter [Doc. 35] is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE